**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**


HOUSTON E. SWAIN,

        Appellant,

        v.

OFFICE OF PERSONNEL
  MANAGEMENT,

        Agency.

DOCKET NUMBER
SF-0845-21-0484-I-1

DATE: December 15, 2022


# THIS ORDER IS NONPRECEDENTIAL[1]

Houston E. Swain, Acton, California, pro se.

Carla Robinson, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member


**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his Federal Employees' Retirement System (FERS) annuity overpayment appeal for lack of jurisdiction after the Office of Personnel

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Management (OPM) indicated it rescinded its final decision. On petition for review, the appellant argues the Board retains jurisdiction because OPM has not restored him to the status quo ante. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2     As relevant here, in 2011, the appellant applied for both a disability and immediate retirement annuity. Initial Appeal File (IAF), Tab 10 at 7, 22. While his disability retirement application was pending, OPM approved his immediate retirement, effective September 1, 2011. *Id.* In 2017, OPM approved his disability retirement application and, in 2018, instructed him to elect either a disability retirement annuity or a "regular unreduced retirement." *Id.* at 8-9, 36-38. He elected to receive the disability retirement annuity. *Id.* at 16. In October 2018, OPM advised the appellant that it converted his regular annuity to a disability retirement annuity. *Id.* at 10. OPM further informed him that he had received an overpayment of $41,449.74 due to the recalculation, to which he disputed and requested reconsideration. *Id.* at 11-15. Subsequently, in an initial decision dated March 25, 2021, OPM informed the appellant that it was adjusting his gross monthly annuity and related overpayment based on an error it discovered. *Id.* at 19. Therefore, his outstanding debt balance was $18,787.00. *Id.* He sought reconsideration of OPM's decision, but it issued a final decision sustaining its initial decision. *Id.* at 22-27.

¶3     The appellant filed the instant Board appeal challenging the calculation of his annuity and the related overpayment. IAF, Tab 1 at 3-4. On October 20, 2021, OPM moved to dismiss the appeal for lack of jurisdiction because it had rescinded its final decision. IAF, Tab 16 at 4. OPM asserted that it would audit the appellant's annuity calculation and overpayment, issue a new final decision,

and "ha[d] authorized a refund of all money collected from [him]." *Id.* As a result of OPM's rescission, the administrative judge issued an order to the appellant to show cause why the Board has jurisdiction over his appeal, to which the appellant responded. IAF, Tabs 17-18. The administrative judge issued an initial decision, finding that OPM's rescission of its final decision divested the Board of jurisdiction over the appeal. IAF, Tab 19, Initial Decision (ID) at 7.

¶4　　The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1.[2] The agency has filed a nonsubstantive response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5　　The appellant alleges on review that OPM refunded the money it collected from his September and October 2021 annuity payments but failed to refund $5,827.00 that it withheld to reduce the alleged overpayment from $24,614.00 to $18,787.00. PFR File, Tab 1 at 4-6. When OPM completely rescinds a reconsideration decision, the Board no longer has jurisdiction over the appeal in which that decision is at issue. *Campbell v. Office of Personnel Management*, [123 M.S.P.R. 240](), ¶ 7 (2016). A complete rescission requires OPM to return the appellant to the status quo ante. *Id.* Thus, to rescind a final overpayment decision such as the one at issue in the instant appeal, OPM must refund any money that it already collected from the appellant to recoup the alleged overpayment. *Id.*, ¶ 8.

¶6　　We disagree with the administrative judge that OPM's rescission of the final decision divests the Board of jurisdiction here because the record is devoid of evidence that OPM has returned the appellant to the status quo ante. Although OPM stated that it rescinded the final decision and intended to audit the

---

[2] The appellant has filed a motion for leave to submit additional information and documentation. PFR File, Tab 6. Because the parties will have an opportunity to further develop the record on remand, we find it unnecessary to rule on the appellant's motion for leave.

appellant's case and issue a new decision, it has not responded to his contention that it did not refund all of the previously withheld funds.  PFR File, Tab 1 at 4-6, Tab 4; IAF, Tab 10 at 4-5.  Therefore, we find that OPM has failed to establish that it returned the appellant to the status quo ante and the administrative judge erred in dismissing the appeal as it concerns the annuity calculation and related overpayment issue.  *See Martin v. Office of Personnel Management*, 119 M.S.P.R. 188, ¶¶ 2, 6, 10 (2013) (declining to dismiss an appeal of an allegedly rescinded reconsideration decision because, in part, the appellant asserted, and OPM did not dispute, that she had not received repayment of the funds that the Office of Workers' Compensation withheld from her workers' compensation benefits to repay the annuity overpayment at OPM's request).  Accordingly, this issue remains within the Board's jurisdiction.

¶7      Based on the record, it is unclear if and when OPM withheld the alleged $5,827.00 toward the appellant's debt.  IAF, Tab 1 at 7, 10-11.  Nonetheless, because there is no indication that OPM afforded the appellant status quo ante relief, we find it necessary to remand this matter to the regional office for further development of the record on the jurisdictional issue and, if appropriate, adjudication on the merits.  *See Campbell*, 123 M.S.P.R. 240, ¶¶ 11-12 (remanding the appeal because the Board was unable to determine whether OPM has returned the appellant to the position in which she would have been had the final decision not been issued).  If the administrative judge finds that OPM has repaid the alleged withheld amount, he may once again dismiss the appeal for lack of jurisdiction. *Id.*, ¶ 11.

## **ORDER**

¶8      For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

<u>         /s/ for             </u>

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.